UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARINIC SHIPPING COMPANY,

        Plaintiff,

-against-            07 Civ. 2215 (RJH)
                08 Civ. 3921 (RJH)

SHENHUA COAL TRADING COMPANY a/k/a  **MEMORANDUM OPINION**
SHENHUA COAL TRADING CO. LTD. and ETI    **AND ORDER**
KROM A.S.,

        Defendants.

Richard J. Holwell, District Judge:

  This Court granted plaintiff's request for process of maritime attachment and garnishment because it found that the conditions set forth in Rule B appeared to exist. Subsequently, the Second Circuit issued a decision holding that "EFTs [electronic fund transfers] are neither the property of the originator nor the beneficiary while briefly in the possession of an intermediary bank" and "cannot be subject to attachment under Rule B." *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, Nos. 08-3477, 08-3758, 2009 WL 3319675, at *10–*11 (2d Cir. Oct. 16, 2009). This Court then ordered the plaintiff to show cause why, in light of *Jaldhi*, the original process of maritime attachment and garnishment should not be vacated and the case dismissed for lack of jurisdiction.

  On November 19, 2009, plaintiff filed a memorandum in response. In its brief, plaintiff argues that (a) the funds already attached are no longer EFTs and thus not subject to *Jaldhi*, and (b) even if *Jaldhi* is applied retroactively, the Court should make an exception in this case for equitable reasons. Both contentions lack merit.

First, plaintiff argues that, although the funds at issue here originally entered this district as EFTs, they did not remain EFTs. This is so, plaintiff claims, because standard banking practice after restraining funds was to deposit them into a segregated account in the district—after which they became just "funds," not EFTs. But as a number of decisions in this district have already said, that argument, clever though it may be, does not address plaintiff's central problem: under *Jaldhi*, the defendants never possessed attachable property in this district. And "[n]o alchemy by the bank transformed EFTs that cannot be attached into property of the defendant[s] that can be attached." *Argus Dev. Inc. v. Steelcore Trading Ltd.*, No. 09-6009, 2009 WL 4016626, at *1 (S.D.N.Y. Nov. 16, 2009) (JGK); *See Hansa Sonderburg Shipping Corp. v. Hull & Hatch Logistics LLC*, No. 09-7164, slip op. at 1 (S.D.N.Y. Nov. 16, 2009) (LTS) ("Because the initial attachment was improper, the deposit of the funds into a segregated account, absent consent of the defendant, did not cure the problem addressed in [*Jaldhi*].").

Second, the plaintiff argues that, even if *Jaldhi* does apply retroactively—and in *Hawknet, Ltd. v. Overseas Shipping Agencies*, 2009 WL 3790654, No. 09-2128, at *2 (2d Cir. Nov. 13, 2009) (citing *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981)), the Second Circuit has said it plainly does—this case presents equitable considerations that justify departure from that rule. Even if the Court were able to depart from *Hawknet* in exceptional circumstances, it is not convinced that this is such a case. The plaintiff does not explain what equitable considerations exist here that did not in *Hawknet*. Nor would it would eliminate inequities to apply *Jaldhi* only prospectively. That would be unfair to defendants like these, whose property would continue to be restrained even though the basis for restraining that property has been extinguished.

2

The Court ordered the plaintiff to show cause why vacatur was unwarranted and why this action should not be dismissed for lack of jurisdiction. Plaintiff has been unable to do so on both counts. Accordingly, the maritime attachment is vacated and these related actions are dismissed without prejudice. The Clerk of the Court is directed to close each case.

SO ORDERED.

Dated: New York, New York
December 11, 2009

Richard J. Holwell
United States District Judge

3